PER CURIAM.
This is an appeal from a final administrative order denying the renewal of appellant Latyoa Enich’s “Road to Independence” (RTI) stipend. Because the hearing officer erroneously interpreted section 409.1451(5)(b)6.i., Florida Statutes (2010), we remand for additional proceed *386 ings consistent with the correct interpretation of that statute.
Ms. Enich “aged out” of foster care in November 2009, upon her 18th birthday. She was awarded an initial one-year RTI stipend. During the first eight months of that year, she had a sporadic attendance record at COPE South[1] and Miami-Dade College, and she did not take or pass the test required to obtain a graduate equivalency diploma (GED). She attributed her academic problems to her infant daughter’s recurring illnesses and the difficulties of obtaining transportation and day care.
In June 2010, after consultation with her independent living case manager and her guardian ad litem (a volunteer with a doctoral degree who had served as a GAL in approximately 50 cases and had worked with Ms. Enich since she was 14 years old), Ms. Enich enrolled as a full-time student in “Beauty Schools of America” in Homestead, Florida, near where she lived and could obtain day care for her daughter. Beauty Schools of America is an authorized post-secondary educational institution for purposes of the RTI program, and Ms. Enich had a tentative graduation date of April 25, 2011. Ms. Enich’s transcript (submitted during her administrative hearing) showed a “B”/3.0 average for her work at Beauty Schools completed through October 2010.
In October 2010, she applied to renew the stipend for another year. Although her independent living staff caseworker and first-level supervisor recommended renewal of her RTI stipend for another year, the Department of Children and Families denied renewal on the grounds that Ms. Enich had not made satisfactory academic progress during the preceding year. Ms. Enich appealed the denial. After an evi-dentiary hearing, an administrative hearing officer affirmed the Department’s denial of Ms. Enich’s RTI renewal application. This appeal followed.

The RTI Statute

Section 409.1451(5)(b)6.h. states the objective of the RTI stipend: “Funds are intended to help eligible young adults who are former foster children in this state to receive the educational and vocational training needed to become self-supporting.”
Section 409.1451(5)(b)6.i. contains the RTI stipend renewal requirements:
The department shall evaluate and renew each award annually, during the 90-day period before the young adult’s birthday. In order to be eligible for a renewal award for the subsequent year, the young adult must:
(I) Complete the number of hours, or the equivalent considered full time by the academic institution, unless that young adult has a recognized disability preventing full-time attendance, in the last academic year in which the young adult earned an award, except for a young adult who meets the requirements of s. 1009.41.
(II) Maintain appropriate progress as required by the educational institution, except that, if the young adult’s progress is insufficient to renew the award at any time during the eligibility period, the young adult may restore eligibility by improving his or her progress to the required level.
The Department’s interpretation of these provisions in connection with the renewal of Ms. Enich’s stipend altered the plain meaning of the statute. See Bennett v. St. Vincent’s Med. Ctr., Inc., 71 So.3d 828, 841 (Fla.2011). The Department imposed a more stringent set of requirements upon Enich than the statute actually requires. *387 In concluding that “[Enich] did not show proof of academic progress during the period of November 2009 through May 2010[,]” the Department required Ms. Enich to have made continuous progress during that time period, while at the same time overlooking the progress Enich made from May 2010 to the present date. A shift from unsuccessful academic efforts to successful vocational training may have been an appropriate choice by Ms. Enich after consultation with her guardian ad litem and independent living caseworker.
Also, even if Ms. Enich was deemed to have made insufficient progress during the November 2009 through May 2010 period, the statute provides that eligibility may be restored if a young adult improves his or her progress to the required level. Though restoration is discretionary rather than mandatory, the Department does not appear to have considered this latter portion of Section 409.1451(5)(b)6.i.(II).
Accordingly, we reverse and remand with instructions that Enich be provided a new hearing in light of the full and proper interpretation of the relevant statute.

. “COPE” is a Dade County Public Schools program (Continuing Opportunities for Purposeful Education) allowing pregnant teens to remain in school.